**Dani Mordeheim KEDEM, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Dani Mordeheim Kedem, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

Nos. 04–73996, 05–70580.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 2007.

Filed June 28, 2007.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Shahrzad Baghai, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, SILER *, and HAWKINS, Circuit Judges.

MEMORANDUM **

Kedem petitions this court for review of the Board of Immigration Appeals's ("BIA") decision vacating the Immigration Judge's ("IJ") grant of asylum and denying Kedem's motion to reopen. We remand to the BIA for further proceedings consistent with this disposition.

Kedem's argument that he is eligible for asylum is predicated on the factual assumption that all Israeli men are subject to compulsory active reserve duty through age 45. However, the record evidence is ambiguous on this point—an ambiguity the parties could not clear up at oral argument—making it unclear whether 45 or 40 is the correct age. If the former, then Kedem may be eligible for asylum relief. If the latter, Kedem would not be eligible because he is already 43 years of age and would not be subject to compulsory military service.

The BIA's decision also failed to articulate the factual basis for its rejection of the IJ's finding that if Kedem were returned

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to Israel he would be required to engage in inhuman conduct as a result of his military obligations. On remand, we ask the BIA to determine the age range subject to compulsory active reserve service in Israel. If the BIA answers the former question in such a way that Kedem will be subject to active reserve duty, we ask that it determine whether Kedem would be "required to engage in inhuman conduct" as a result of his military obligations, *see Ramos–Vasquez v. INS*, 57 F.3d 857, 863 (9th Cir.1995); *Barraza Rivera v. INS*, 913 F.2d 1443, 1453 (9th Cir.1990), or, in the alternative, remand to the IJ for further development of the record.

In the event asylum is not granted, the BIA should consider whether equitable principles or the decisions in *Otarola v. INS*, 270 F.3d 1272, 1276–77 (9th Cir. 2001), and *Alcaraz v. INS*, 384 F.3d 1150, 1153 n. 1 (9th Cir.2004)—which clarifies *Otarola*—provide a basis for relief from the application of the stop-time rule. Accordingly we remand.

**REMANDED.**